UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

ELIZABETH COLON,

                              Plaintiff,

                -against-

NANCY A. BERRYHILL,[1]
Acting Commissioner of Social Security,

                              Defendant.

**MEMORANDUM & ORDER**
1:15-cv-06314 (PKC)

----------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

       Plaintiff Elizabeth Colon commenced this action on November 4, 2015 pursuant to the Social Security Act, 42 U.S.C. § 405(g). Plaintiff sought to reverse the decision of Defendant Carolyn Colvin, the then-Acting Commissioner of the Social Security Administration ("SSA"), denying Plaintiff's application for Social Security disability insurance benefits. Presently before the Court is the motion of Plaintiff's counsel, Charles Binder ("Binder"), for approval of attorneys' fees of $12,077.00, pursuant to Section 406(b) of the Social Security Act. For the reasons set forth below, the Court grants, in part, and denies, in part, that request, and awards Plaintiff's counsel attorneys' fees in the amount of $10,900.00.

## BACKGROUND

       On November 4, 2015, Plaintiff commenced this action appealing the SSA's denial of her disability insurance benefits application. (Dkt. 1.) On April 6, 2016, Plaintiff filed a motion for judgment on the pleadings. (Dkt. 8.) On July 18, 2016, the parties stipulated, and this Court

---

[1] Nancy A. Berryhill became Acting Commissioner of Social Security on January 23, 2017. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as Defendant in this suit.

1

ordered, that the Commissioner's decision was reversed, and Plaintiff's claim for disability insurance benefits, filed on November 10, 2011, was remanded for further administrative proceedings. On August 1, 2016, the parties stipulated, and on August 2, 2016, this Court so ordered that Plaintiff would be awarded $4,000.00 for attorneys' fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and $400.00 in court costs, to be paid from the Judgment Fund, pursuant to 28 U.S.C. § 1920. (Dkt. 13, 13-1.)

On remand, Plaintiff was awarded disability insurance benefits. (Dkt. 14-2 at 2-3.) As required by the Social Security Act, the Commissioner withheld 25% of the total past due benefits payable to Plaintiff ($12,077.00), so that Plaintiff's counsel could: (1) petition the SSA under Section 406(a) for approval of a reasonable fee as compensation for services during the proceedings at the agency level; and (2) seek an award from this Court for the time counsel expended representing Plaintiff, pursuant to Section 406(b). 42 U.S.C. §§ 406(a) and (b).

Here, Binder moves for attorney's fees pursuant to 42 U.S.C. § 406(b), in the amount of $12,077.00, in connection with 21.8 hours of work he and colleague Eddy Pierre Pierre undertook on behalf of the Plaintiff. According to Binder's time records, Binder and colleague Mr. Pierre Pierre spent this time on the following tasks: (1) reviewing the file; (2) dictating a letter and the complaint; (3) reviewing the entire record and organizing medical evidence; (4) drafting a statement of facts; (5) conducting medical research; (6) drafting arguments; (7) editing a draft brief and preparing it for filing; and (8) preparing the EAJA fee information. (Itemized Hours, Dkt. 14-3, at 4.) Counsel affirm that Mr. Pierre Pierre expended 19.40 hours working on Plaintiff's case, and Mr. Binder expended 2.40 hours. (Affirmation, Dkt. 14-2, at ¶¶ 8, 10.) Mr. Binder has many years of experience working almost exclusively on SSA cases, and is the past president of the New York Social Security Bar Association; Mr. Pierre Pierre has been a practicing member of the New

York Bar since June 1998, for nearly twenty (20) years. (Affirmation, Dkt. 14-2, at ¶¶ 9, 11.) Plaintiff agreed to pay Binder a contingency fee of 25% of all past due benefits as compensation for legal services. (Retainer Agreement, Dkt. 14-3, at 2.)

## DISCUSSION

Section 406(b) of the Social Security Act provides that a court may award a "reasonable fee" "not in excess of 25% of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b). The Second Circuit has held that a court's determination of whether fees requested under Section 406(b) are reasonable should "begin with the agreement, and [that] the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).

To determine whether a fee is "unreasonable," a district court should consider: (i) "whether the contingency percentage is within the 25% cap"; (i) "whether there has been fraud or overreaching in making the agreement"; and (iii) "whether the requested amount is so large as to be a windfall to the attorney." *Id.* at 372 (citation omitted); *see also Barbour v. Colvin*, No. 12–CV–00548 (ADS), 2014 WL 7180445, at *1 (E.D.N.Y. Dec. 10, 2014) (same). In addition, if fee awards are made to a claimant's attorney under both the EAJA and § 406(b), the attorney must refund the claimant the amount of the smaller fee. *Barbour,* 2014 WL 7180445, at *2 (citing *Porter v. Comm'r of Soc. Sec.*, No. 8:06–CV–1150 (GHL), 2009 WL 2045688, at *3 (N.D.N.Y. July 10, 2009)); *see also Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients.").

Here, Binder's proposed fee of $12,077.00 represents 25% of the past due benefits awarded to Plaintiff. (Affirmation, 14-2, ¶ 13.) Since there are no allegations of fraud or overreaching with

3

respect to the retainer agreement, the only question for the Court is whether the fee of $12,077.00 for 21.8 hours of work would result in a windfall to Binder and Pierre Pierre.

The courts in this Circuit have identified several relevant considerations as to whether a requested award of attorney's fees would constitute a windfall: (1) whether the attorney's efforts were particularly successful for the plaintiff; (2) whether the effort expended by the attorney is demonstrated through non-boiler-plate pleadings and arguments that involved both real issues of material fact and required legal research; and (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases. *Rowell v. Astrue*, 05–CV–1592 (CBA)(JMA), 2008 WL 2901602, at *1 (E.D.N.Y. July 28, 2008) (quoting *Trupia v. Astrue*, No. 05–CV–6085, 2008 WL 858994, at *4 (E.D.N.Y. March 27, 2008)). In addition, "[a]lthough the reviewing court may not use the lodestar method to calculate the fee due, a record of the number of hours spent on the case in federal court may assist a court in determining whether a given fee is reasonable." *Benton v. Comm'r of Soc. Sec.*, 03-CV-3154 (ARR), 2007 WL 2027320, *2 (E.D.N.Y. May 17, 2007).

Here, Binder seeks an award of $12,077.00 for 21.8 hours of work, resulting in an effective hourly rate of $553.99 per hour. Courts in this Circuit have approved fee awards in the social security context that are above market rates. *See, e.g., Barbour v. Colvin*, No. 12–CV–00548 ADS, 2014 WL 7180445, at *2 (E.D.N.Y. Dec. 10, 2014) (approving $26,784 award for 44.7 hours of work for an effective hourly rate of $599); *Warren v. Astrue*, No. 06–CV–2933 CBA, 2011 WL 5402493, at *1 (E.D.N.Y. Nov. 7, 2011) ("[A]lthough $25,000.00 is a substantial sum for 38 hours of work [*i.e.*, $657 hourly rate], it does not constitute a windfall when balanced against the excellent result counsel obtained and the risk of loss inherent in the retainer's contingency

4

arrangement."). However, this Court must use its discretion to determine "whether the requested amount is so large as to be a windfall to the attorney." *Wells*, 907 F.2d at 372.

Attorney Binder's request for $12,077.00 for 21.8 hours in this case—only 2.4 of which were spent by Binder, as opposed to his co-counsel—would result in a windfall of $1,177, in light of the relatively modest amount of work done by Binder in connection with his representation of Plaintiff in this matter, and in recognition of the fact that this Court recently reduced a fee award to Binder and his co-counsel in a similar social security matter to a reasonable hourly rate of $500.00, *see Karki v. Comm'r of Soc. Sec.,* No. 13-CV-6395 (PKC), 2018 WL 1307947, at *3 (E.D.N.Y. Mar. 13, 2018) ("Instead, the Court finds that an award of $10,550 would adequately compensate Binder for the time that he spent on this case, the risks that he accepted in undertaking the representation of Plaintiff on a contingency basis, and the successful result he obtained for his client."). The Court thus finds that an award of $10,900.00, amounting to a reasonable hourly rate of $500.00 for 21.8 hours, would adequately compensate Binder and his co-counsel for the time that they spent on this case, the risks that they accepted in undertaking the representation of Plaintiff on a contingency basis, and the successful result they obtained for this client. Lastly, the Court's award of $10,900.00 satisfies the underlying policy goal of ensuring that claimants have qualified counsel representing them in their social security appeals. *See, e.g., Muniz v. Astrue*, 09–CV–3954 ARR, 2011 WL 5563506, at *6 (E.D.N.Y. Nov. 15, 2011) ("Further, an award of fees of this sum—amounting to an hourly rate of $333.33—satisfies the underlying policy goal of enabling social security claimants to secure quality legal representation.").

**CONCLUSION**

For the foregoing reasons, it is hereby ordered that Plaintiff's motion for attorneys' fees under 42 U.S.C. § 406(b) is granted in part, and Attorney Charles Binder is awarded $10,900.00 in attorneys' fees. Upon receipt of this award from the government, Binder shall promptly refund Plaintiff with $4,000.00, which represents the EAJA fees already received by counsel. The case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*_____
Pamela K. Chen
United States District Judge

Dated: Brooklyn, New York
       April 9, 2018